**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Jose Arturo Moreno,<br><br>  Defendant. | No. CR-17-00475-001-TUC-JGZ (LCK)<br><br>**ORDER** |

Pending before the Court is Defendant Jose Arturo Moreno's Motion to Reduce Sentence. (Doc. 89.) The motion is fully briefed. (Docs. 95, 97.) Upon consideration of the 18 U.S.C. § 3553(a) factors, the Court will deny the motion.

**I.  Background**

Mr. Moreno pleaded guilty to conspiracy to possess with intent to distribute marijuana and was sentenced on January 18, 2018 to a mandatory minimum term of 60 months' imprisonment, followed by four years of supervised release. He has now served approximately 36 months of his sentence and, according to the BOP website, is projected to be released June 1, 2022.

In his motion, Mr. Moreno requests that the Court reduce his sentence to time served based on his health risks and the conditions at his place of incarceration. Mr. Moreno documents the heightened health risks he faces, in light of the COVID-19 pandemic, due to his obesity and moderate-to-severe asthma.

//

## II. Motion for Compassionate Relief

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable," if the court finds (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Additionally, the Court's reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A).

Assuming that Mr. Moreno has established an extraordinary and compelling reason based on his health condition, the Court finds that a reduction in Mr. Moreno's sentence is not warranted. *See* 18 U.S.C. § 3553(a). Mr. Moreno's conviction was based on his involvement in organizing and leading a marijuana grow operation. His offense level was enhanced because he possessed multiple firearms during the conspiracy, maintained premises for the purposes of manufacturing a controlled substance, and organized/ led the criminal activity. (PSR ¶¶ 16, 17 & 19.) Mr. Moreno had an assault-style rifle next to his bed and a shotgun and handgun in the bathroom. Agents also located numerous firearm magazines, multiple-caliber rounds of ammunition, 15 cellular phones, and ledgers with information pertaining to marijuana shipments of hundreds of pounds and amounts either owed or received for the marijuana. (PSR ¶ 8.) Under these facts, the Court finds that a sentence reduction would not "'comply with the purposes' of imprisonment, such as deterrence, punishment, and public safety." *See United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (quoting 18 U.S.C. § 3553(a)). The Court further finds that Mr. Moreno's actions present a danger to the community.

//

//

//

---

[1] A defendant must also exhaust administrative remedies before bringing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Moreno's motion states that he exhausted his administrative remedies, and the Government does not dispute this assertion

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 89) is **DENIED**.

Dated this 12th day of January, 2021.

Honorable Jennifer G. Zipps
United States District Judge